IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RONFREDRICK F. BOLING | ) | |
| (Inmate No. 07436-025), | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 13-cv-1348-MJR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER  SETTING BRIEFING SCHEDULE
ON SECTION 2255 PETITION

REAGAN, District Judge:

A three-day jury trial in December 2008 culminated in guilty verdicts on three narcotics charges (violations of 21 U.S.C. 841) against Ronfredrick Boling in Case Number 08-CR-30004-MJR.  The undersigned District Judge sentenced Boling.  The sentence included a 180-month term of imprisonment.  Judgment was entered October 7, 2009, and Boling appealed.  In May 2011, the United States Court of Appeals for the Seventh Circuit affirmed the conviction and sentence in a detailed 19-page opinion.

Subsequently, Boling moved to reduce his sentence pursuant to 18 U.S.C. 3582. The undersigned Judge denied that motion on January 30, 2013, and Boling appealed. The Seventh Circuit affirmed this Court's denial in October 2013.

On December 30, 2013, Boling filed a pro se petition to vacate, correct his sentence under 28 U.S.C. 2255.  Boling's 15-page petition and 10-page supporting

memorandum advance one claim for relief – that the United States Supreme Court's 2013 decision in *Alleyne v. United States* rendered Boling's sentence unconstitutional.[1]

Rule 4 of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS directs the Judge who receives the motion to promptly examine it.   If it plainly appears from the motion, any exhibits, and the record of prior proceedings that the moving party is *not* entitled to relief, the judge must dismiss the motion.   Otherwise, the District Court must order the United States Attorney to file an answer or response within a fixed time.   Rule 8 of the RULES GOVERNING SECTION 2255 PROCEEDINGS explains that if the motion is not dismissed, then depending on the issues raised and briefs filed, the Judge must determine whether an evidentiary hearing is warranted.

Having conducted the prompt examination required by the Rules, the undersigned Judge concludes that Boling's petition is not subject to immediate dismissal.   Accordingly, the Court hereby **SETS THE FOLLOWING BRIEFING SCHEDULE.**

- By **February 7, 2014**, the United States shall file its **response** to Boling's Section 2255 Motion and Supporting Memorandum.

---

[1]      *Alleyne v. United States*, **133 S. Ct. 2151 (2013)**, held that facts supporting an enhanced statutory minimum penalty (other than for recidivism) generally must be alleged in the indictment and found by a jury beyond a reasonable doubt.  ***U.S. v. Hood*, -- F.3d --, 2013 WL 6170886, \*2 (7th Cir. Nov. 26, 2013),** *citing Alleyne*, **133 S. Ct. at 2155, 2163, and** *United States v. Claybrooks,* **729 F.3d 699, 707–08 (7th Cir. 2013).**

■      By **February 28, 2014**, Boling may file a **reply brief** (no longer than
        6 pages) to the United States' response.

Petitioner Boling also moves for leave to proceed in forma pauperis herein.  Since

there is no filing fee to initiate a Section 2255 proceeding in the District Court, the Court

**DENIES AS MOOT** the motion for in forma pauperis status (Doc. 2).

IT IS SO ORDERED.

DATED January 3, 2014.

s/ ***Michael J. Reagan***
Michael J. Reagan
United States District Judge